# INTERNATIONAL COMPANY, Inc. v. YAFFEE.

Circuit Court, Dade County.

August 26, 1954.

Stuart W. Patton, Patton & Kanner, Miami, for plaintiff.

Royal Flagg Jonas, Miami Beach, for defendant.

GRADY L. CRAWFORD, Circuit Judge.

This cause came on to be heard on a complaint for a declaratory decree and supplementary relief filed by the plaintiff International Company, Inc. and the answer and counterclaim of the defendant Hyman Yaffee, individually and as trustee. The court has considered the pleadings, the facts, and the argument of counsel and their briefs.

On May 20, 1954 the parties filed the following stipulation—

It is hereby stipulated and agreed by and between counsel for the respective parties as follows:

1. That Hyman Yaffee is a resident of a state other than the state of Florida.

2. That International Company, Inc. did execute its promissory note in the principal sum of $440,000, dated April 1, 1953, payable to Hyman Yaffee as trustee, and that the photostatic copy of said note attached to the bill of complaint is a true and correct copy of said note, and that said note, marked plaintiff's exhibit A, may be introduced in the evidence without objection.

3. That to secure the note indebtedness, International Company, Inc. did, on April 1, 1953, execute and deliver to Hyman Yaffee as trustee, a mortgage in the principal sum of $440,000, and that a photostatic copy of said mortgage attached to the complaint, marked exhibit A, is a true and correct copy of the original mortgage, and that exhibit A may be submitted in evidence without objection.

4. That at the time of the delivery of the note and mortgage by the plaintiff to the defendant, said defendant did pay and deliver to the plaintiff the sum of $360,000, and that he did withhold from the sums provided to be paid on the note indebtedness the sum of $80,000, $40,000 of which was a bonus for the making of the mortgage and the sum of $40,000 representing the first year's interest paid in advance.

5. That the defendant did intentionally and wilfully exact a bonus in the sum of $40,000, and did request the payment of the sum of $40,000 for the first year's interest paid in advance for the reason that at the time of the execution of the note and mortgage, the plaintiff was under the disability to plead usury as provided in section 612.62 F.S.A.

The facts disclose a genuine issue existing between the parties requiring a declaration by the court. On April 1, 1953 plaintiff corporation executed its negotiable promissory note in the principal sum of $440,000 payable to the defendant Yaffee as trustee. Simultaneously with the execution and delivery thereof plaintiff executed and delivered a mortgage encumbering real property to

secure the payment of the note. The note and mortgage were in the principal sum of $440,000 but there was disbursed by defendant to plaintiff only $360,000, $80,000 being reserved by defendant, $40,000 of which was a bonus and $40,000 interest in advance for a period of one year. Plaintiff was required to execute a note and mortgage which were fictitious in that they were in the amount of $440,000, whereas defendant paid plaintiff only $360,000.

At the time the note and mortgage were delivered and the funds disbursed section 612.62, Florida Statutes *1951*, was in existence, providing that "no corporation shall interpose the defense of usury in any action in any court in this state." At the same time the usury statutes, sections 687.02 and 687.03, Florida Statutes 1951 and 1953, were also in existence. Although section 612.62 was repealed, the repeal becoming effective on October 1, 1953, sections 687.02 and 687.03 remain on the statute books. Plaintiff seeks a declaration whether the interest required under the terms of the note and mortgage is usurious under provisions of sections 687.02 and 687.03 and if so, in view of the repeal of section 612.62, whether it may have the same declared usurious and avail itself of the relief provided by section 687.04, Florida Statutes 1951 and 1953, set forth in part below—

> Any person, or any agent, officer or other representative of any person, willfully violating the provisions of § 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person, who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted in any way, double the amount of interest so reserved, taken or exacted; * * *

Plaintiff filed its complaint on April 1, 1954, simultaneously paying into the registry of the court the sum of $40,000 as annual interest payable in advance for the period commencing on that date and ending March 31, 1955. Defendant requested the disbursal of the $40,000 from the registry of the court and received and accepted the same as interest in advance for the second year of the loan. Defendant has thus intentionally and wilfully received $80,000 by way of reservation and $40,000 advance interest for the second year, making a total of $120,000 reserved, charged, taken and received.

Considering this sum of $120,000 in connection with the principal amount of $360,000 actually paid, the loan and contract were usurious, violating provisions of sections 687.02 and 687.03 in that the interest and bonus reserved exceeded 10% per annum. These statutes were in effect when the parties entered into their contract and remain unchanged.

In my opinion the repeal of section 612.62, Florida Statutes 1951, did away with a remedial and procedural bar—leaving the contract open to attack for the usury it contained at its inception.

Plaintiff is entitled to an application of the penalties provided in section 687.04. Defendant is required to forfeit double the amount of $120,000, or $240,000. Plaintiff is entitled to a cancellation of all interest provided under the terms of the usurious agreement. Plaintiff, having actually received $360,000, and being entitled to a forfeiture of $240,000, is now indebted to defendant in the principal sum of $120,000, which sum it is required to pay to him at the maturity of the note and mortgage, without interest.

Defendant in his answer and counterclaim requests an award of attorney's fees for defending this suit. He bases his request on a provision in the note and mortgage for the payment of attorney's fees by the maker in the event of enforcement of the obligation. The request should be denied. The note and mortgage were not in default during this litigation, defendant in fact accepted an interest payment. This being litigation for a declaration of the rights of the parties and not for the enforcement of the obligation defendant is not entitled to attorney's fees by virtue of the provision mentioned. Should plaintiff ever be in default and defendant seek enforcement of the note he would be entitled to such an award.

The court having made its findings and declaration, and having considered plaintiff's request for supplementary relief, it is ordered, adjudged and decreed as follows—

1. That the loan made by defendant as trustee to plaintiff evidenced by a promissory note dated April 1, 1953 for $440,000 secured by a mortgage on real property in Dade County, recorded in mortgage book 2855 at page 532 of the public records thereof, is usurious and violative of sections 687.02 and 687.03, Florida Statutes, in that interest and bonus reserved, charged and taken by defendant at the inception of the loan and further interest charged and taken by him exceeded 10% per annum. 2. That the actual usury, which the court finds is in excess of 10% but less than 25% per annum, calls for an application of the provisions of section 687.04 of the statutes. 3. That the usurious interest and bonus reserved, charged and taken from plaintiff by defendant was wilful and intentional by defendant. 4. That plaintiff is entitled to a forfeiture by defendant of $240,000, such sum being twice the amount of bonus and interest originally reserved and charged and $40,000 charged and taken for interest, further that the amount of such forfeiture be credited to the actual principal amount of the loan, $360,000, leaving an indebtedness of principal in the sum of $120,000 due by plaintiff to defendant, payable April 1, 1958. 5. That all further interest contracted by the parties evidenced by the instruments described herein is cancelled and set aside. 6. That defendant's request for an award of attorney's fees is denied. 7. That defendant's counterclaim is dismissed.